UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MOSES COOK,<br>Inmate Booking #17145418,<br><br>         Plaintiff,<br><br>vs.<br><br>JONATHAN LAROCHE; JOSEPH GOMES; SAN DIEGO COUNTY SHERIFF'S DEP'T; JACK IN THE BOX,<br><br>         Defendants. | Case No.: 3:17-cv-01826-JAH-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 3); and**<br><br>**(3) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

  Daniel Moses Clark ("Plaintiff"), currently incarcerated at the George Bailey Detention Facility ("GBDF") located in San Diego, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

  In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel. (ECF Nos. 2, 4.)

## I. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel to assist him in this matter. (ECF No. 4.) However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103, quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Applying these factors to Plaintiff's case, the Court **DENIES** his Motion to Appoint Counsel because a liberal construction of his original pleadings shows he is capable of articulating the factual basis for his claims. All documents filed by pro se litigants are construed liberally, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, FED. R. CIV. P. 8(e) requires that "[p]leadings . . . be construed so as to do justice."

The pleadings filed by Plaintiff to date demonstrate that while Plaintiff may not be a trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex." *Agyeman,* 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate completed by a GBDF accounting official attesting to his trust account activity and balances for the six-months preceding the filing of his Complaint. *See* ECF No. 2 at 2; 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an average monthly balance of $3.34, and average monthly deposits of $150.00 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $6.67 at the time of filing. *See* ECF No. 2 at 2. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses his initial partial filing fee to be $30.00 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Watch Commander for GBDF, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

**III. Initial Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

The Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* Doc. No. 8 at 4; 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A*; Lopez v. Smith*, 203 F.3d 1122,

1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A. Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

/ / /

/ / /

/ / /

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

**B.     42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Here, the Court finds that Defendant Jack in the Box, a purported corporation, is not alleged to be "person[s] acting under color of state law." *See West*; 487 U.S. at 48; *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).

The Constitution protects individual rights only from government action and not from private action; it is only when the government is responsible for the specific conduct of which the plaintiff complains that individual constitutional rights are implicated. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003). Generally, private parties do not act under color of state law. *See Price v. Hawai'i*, 939 F.2d 702,

707-08 (9th Cir. 1991). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton*, 193 F.3d at 835 (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)); *see also Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 551 (9th Cir.1974) (a purely private actor may be liable for his misconduct in state court, but his conduct is not actionable under Section 1983, regardless of how egregious).

In order for private conduct to constitute governmental action, "something more" must be alleged. *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 939 (1982) ("Action by a private party pursuant to [§ 1983], without something more, [i]s not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *See id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

Here, Plaintiff has failed to allege facts sufficient to plausibly show that the corporation he has named as Defendant performed any public function traditionally reserved to the state, acted as a willful participant in joint action with government agents, was compelled or coerced, or had any connection whatsoever with the state, when it allegedly injured Plaintiff. *See Iqbal*, 556 U.S. at 678; *Lugar*, 457 U.S. at 939.

**C.    Heck Bar**

In addition, to the extent Plaintiff seeks damages against Defendants and claims they falsely arrested him, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing his conviction has already been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

/ / /

/ / /

/ / /

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court).

Because Plaintiff seeks damages based on an arrest he alleges was "false" and based on perjured testimony (ECF No. 1 at 3-4), his claims amount to an attack on the validity of his underlying criminal conviction, and may not proceed pursuant to § 1983, unless his conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. While Plaintiff identifies no specific acts of misconduct taken by the Defendants prior to or during the course of his criminal proceedings, except to point to the "false narratives, contentious charges and overzealous attacks" (ECF No. 1 at 4), *see Iqbal*, 556 U.S. at 677 (noting that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"), the Court will

presume he intends to sue these law enforcement officials for acting together to wrongfully convict him in violation of "due process." (ECF No. 1 at 4).

However, such claims "necessarily imply the invalidity" of his conviction and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed in showing that Defendants conspired to wrongfully convict him based on false evidence or perjured testimony, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence. *Id.*, 512 U.S. at 487; *see also Guerrero v. Gates*, 442 F.3d 697, 701 (9th Cir. 2006) (finding § 1983 action stemming from allegations of wrongful arrest, malicious prosecution, and a general conspiracy of "bad behavior" among officials in connection with the plaintiff's arrest, prosecution, and incarceration were barred by *Heck*).

### D. Defendant San Diego Sheriff's Department

The Court also finds Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against the San Diego Sheriff's Department. The San Diego Sheriff's Department, unlike the County of San Diego itself, is not subject to suit under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality."); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'")). Therefore, while the County of San Diego may be considered a "person" subject to suit under § 1983, *see Long v. Cty. of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690 (1978)), its Sheriff's Department may not.

### E. Medical care claims

Plaintiff alleges that he was treated by an unnamed medical doctor while housed by the San Diego Sheriff's Department for "blood and discharge" coming from his ear due

to the alleged excessive force incident. (Compl. at 6.) Plaintiff claims the Doctor provided him with "ear drops and antibiotics" but only referred to his condition as a "mild ear infection." (*Id.*)

Prison officials are liable only if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976*); see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir. 2010) (applying *Estelle*'s Eighth Amendment deliberate indifference standard to inadequate medical care claims alleged to violate a pretrial detainees' due process rights).

Here, Plaintiff claims suffered from "blood and discharge" from his ear for up to twelve days, but he fails to include any further "factual matter" sufficient to show or describe how or to what extent his medical needs were objectively serious. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991) (defining a "serious medical need" as one which the "failure to treat ... could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle*, 429 U.S. at 104); *Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570). The "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.3d at 1059-60.

Moreover, even if the Court assumes Plaintiff's ear condition was an "objectively serious" medical condition, nothing in his Complaint supports a "reasonable inference that [any individual] defendant" acted with deliberate indifference to his plight. *Iqbal*, 556 U.S. at 678. "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The indifference to medical needs also must

10

3:17-cv-01826-JAH-JMA

be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). A difference of opinion between a pretrial detainee and the doctors or other trained medical personnel at the Jail as to the appropriate course or type of medical attention he requires does not amount to deliberate indifference, *see Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), and any delay in providing an appropriate course of treatment does not by itself show deliberate indifference, unless the delay is alleged have caused harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation.").

Plaintiff's Complaint, as currently pleaded, does not include facts to show that any individual San Diego Sheriff's Department official actually knew of, yet disregarded any serious medical need. *See Gibson v. Cnty. of Washoe, Nev*., 290 F.3d 1175, 1193 (9th Cir. 2002) ("[D]eliberate indifference requires the defendant to be subjectively aware that serious harm is likely to result from a failure to provide medical care."). Nor does it allege that any decision to refuse or delay a particular course of medical treatment caused him actual harm. *See McGuckin*, 974 F.2d at 1060. Without more, Plaintiff's Complaint currently amounts only to "unadorned, the defendant[s]-unlawfully-harmed-me accusation[s]," which "stop[] short of the line between possibility and plausibility of 'entitlement to relief'" as to any constitutionally inadequate medical care claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### F. Excessive force claims

The Court does find that Plaintiff's excessive force allegations are sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28

U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges excessive force claims as to Defendants LaRoche and Gomes which are plausible on its face.[2] *See Wilhelm*, 680 F.3d at 1123. *See Iqbal*, 556 U.S. at 678; *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is "solely ... objective." *Id.* at 2473; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015); *cf. Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (when prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

### G. Leave to Amend

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, the Court will grant him a chance to fix the pleading deficiencies discussed in this Order or he may notify the Court of the intent to proceed as to the excessive force claims only. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

If Plaintiff notifies the Court of his intention to proceed as to the excessive force claims only, the Court will enter an order dismissing all the remaining claims and

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Defendants, as well as directing the United States Marshals Service to effect service of the Complaint on Defendants LaRoche and Gomes.

**IV. Conclusion and Order**

For all the reasons discussed, the Court:

1. **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 4) without prejudice.

2. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George F. Bailey Detention Facility, 446 Alta Road, #5300, San Diego, California 92158.

5. **DISMISSES** Plaintiff's claims, with the exception of Plaintiff's excessive force claims, for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. **GRANTS** Plaintiff forty-five (45) days leave to either: (1) file a First Amended Complaint which cures all the deficiencies of pleading described in this Order; or (2) notify the Court of the intention to proceed as to the excessive force claims only. Plaintiff is cautioned, however, that should he choose to file a First Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)

13

3:17-cv-01826-JAH-JMA

("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to follow these instructions and/or files a First Amended Complaint that still fails to state a claim, his case may be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: October 23, 2017

HON. JOHN A. HOUSTON
United States District Judge